AO 91 (Rev. 11/11) Criminal Complaint (approved by AUSA JEANINE LINEHAN)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>ERIC GERMANO | ) <br> ) <br> ) Case No. 17-1109-M <br> ) <br> ) <br> ) <br> ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __AUGUST 14, 2017__ in the county of __PHILADELPHIA__ in the __EASTERN__ District of __PENNSYLVANIA__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 875(c) | THREATENING COMMUNICATIONS |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

JOSEPH DONAHUE, FBI AGENT
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __AUGUST 15, 2017__

*Judge's signature*

City and state: __PHILADELPHIA, PA__

HON. LINDA K. CARACAPPA, CHIEF
*Printed name and title*

## AFFIDAVIT

I, Joseph Donahue, being duly sworn, depose and state as follows:

**Introduction**

1. I am a Special Agent for the Federal Bureau of Investigation (FBI) and have been since September 2015. In February 2016, I was assigned to the FBI, Philadelphia Division, Violent Crime Task Force where I am currently assigned. My primary responsibilities include investigating violent crimes including commercial robberies, bank robberies, kidnappings, carjackings, and individuals or groups who commit those violations of federal laws in Philadelphia, Pennsylvania. I have successfully completed the FBI Academy. Prior to my employment as a Special Agent with the FBI, I was a police officer in Northborough, Massachusetts where I was a patrol officer from 2013 until beginning my employment with the FBI. Because of my training and experience, I am familiar with investigations involving violations of Federal law and the evidence needed in a criminal complaint affidavit to establish probable cause.

2. I have either personally obtained this information, or it has been relayed to me by other law enforcement officers, the Assistant United States Attorney, and the U.S. Probation Officer. I am submitting this affidavit for the limited purpose of demonstrating probable cause for authorization to arrest Eric Germano (Germano) for a violation of Title 18 U.S.C. § 875(c), which makes it a federal crime to transmit in interstate commerce "any communication containing any threat ... to injure the person of another." As such, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are

1

necessary to establish probable cause.

**Background**

3. In April 2011, the defendant was engaged in the illegal sale, distribution, and trafficking of marijuana in the Eastern District of Pennsylvania, which included marijuana that had been shipped and transported to the Commonwealth of Pennsylvania, affecting interstate commerce.

4. On April 11, 2011, four men conspired to go into the defendant's house in South Philadelphia, to rob him of marijuana. The robbers targeted the defendant because he was a known marijuana dealer who had advised one of the robbers that he would be receiving a large quantity of marijuana to sell.

5. During the robbery, one of the armed robbers assaulted the defendant in his basement and stole ten to twelve pounds of marijuana.

6. The four robbers who conspired to commit the home invasion robbery were charged separately in an Indictment with Conspiracy to Commit Hobbs Act Robbery and related offenses (11-CR-710). All four pled guilty to the crimes charged before the Honorable C. Darnell Jones II, and were sentenced.

7. On December 8, 20111, Germano was charged in a separate Indictment with Possession with the Intent to Distribute marijuana (Count One) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count Two), in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(D), and Title 18 United States Code, Section 924(c). (11-CR-711).

8. On March 26, 2012, the defendant appeared before Judge Jones, and pursuant to a

written plea agreement, pled guilty to the Indictment.

9. On June 25, 2012, Judge Jones sentenced Germano a total of 90 days incarceration, followed by five years of supervised release. Supervision commenced on November 5, 2015.

10. Since in and around July 2013, the United States Probation Officer assigned to supervise Germano has received numerous complaints from individuals who provided evidence of Germano's threatening communication and behavior, including victim, J.D., a former friend and associate of Germano's.

11. Since the commencement of his supervision, Judge Jones has found Germano in violation of his supervised release at least five times.

12. On October 30, 2014, following his completion of a sentence for one of his many violations, Germano was released from BOP custody.

13. On October 31, 2014, Germano appeared, without notice, at a law office in Center City Philadelphia and threatened the employees present. J.D. is employed at the law office.

14. In November 2015, J.D. and her employer, attorney L.K., appeared at the violation hearing before Judge Jones to testify about the incident in their office in October. J.D.'s testimony, proffered by the government, and accepted as true by the Court, made it clear that J.D. considered Germano to be a danger to her and others. The Court found Germano had violated the terms of his supervised release and ordered a psychiatric evaluation.

15. In October 2015, the court-ordered psychiatric evaluation was completed, while Germano remained incarcerated, and it was incorporated into Germano's sentence and conditions of his release.

16. Germano was released in November 5, 2015 to the Bowling Green inpatient facility in Chester County, and a month later released to live with his mother. Subsequently, the US Probation Officer advised the Court that Germano failed to comply with all the conditions ordered in October 2015.

17. In and around April 2016, Germano began again, despite previous orders from the Court, to send threatening emails to harm his former associates/friends. At least two of the recipients of his threats were witnesses that appeared against him in Supervised Release Violation hearings. The violence Germano threatened in his emails escalated with each communication.

18. In April 2016, the U.S. Probation Officer issued a notice of violation to include Germano's email threats and phone calls to individuals previously threatened by Germano. The emails threatened that he would exact revenge by force and violence on those responsible for having him "locked up for nearly two years." The email address used eric.anthony.germano@gmail.com[1] is the same address used by Germano to communicate with his U.S. Probation officer. The Probation Officer issued a warrant for his arrest and advised Germano of the warrant. Germano remained a fugitive, while using efforts to evade apprehension, until he surrendered in July 2016.

19. Germano remained incarcerated from July 2016 to his hearing on January 27, 2017. On January 27, 2017, Germano stipulated to the violation. Judge Jones sentenced him to

---

[1] "Gmail" is an email account hosted by Google, Inc. Google acts as a repository, collecting emails sent and received by Gmail account holders. Google Gmail is are stored on electronic high speed data processing devices performing data storage and communications that are used in and affect interstate and foreign commerce and communication.

4

16 months' imprisonment with credit for time with no additional term of supervised release.

20. Germano was released from custody on August 8, 2017, with supervision completed pursuant to the January 2017 sentence.

**Threats**

21. On August 14, 2017, J.D. received an email from email address eric.anthony.germano@gmail.com, an email address both J.D. and Germano's Probation Officer confirmed is used by Germano, which stated:

> You piece of shit. I am off probation now, and I am coming. You fat old bitch. Four years of my fucking life. Social justice?!

Upon receiving the email, J.D. became frightened and immediately concerned for her safety, as she believes Germano intends to harm her.

22. On August 14, 2017, a group of people, including J.D., received the following emails from eric.anthony.germano@gmail.com : (emphasis added)

> So basically June can fuck Republicans, but I can't even reach out to one for the purpose of writing a story? lol Greg
>
> Someone I didn't even end up dealing with because ya'll would just say they were lying, and their politcs are ass. I am fucking with Gavin Mcininnis of Vice magzine.
> I love how open relationship means June can fuck federalist, republcans, and "manarchist, but you can't even be in the same room with other white people, without her crazy ass going apeshit.
> I am coming. I am off probation, which means no more federal protections for you guys. See if the Philly police will protect you.
>
> On Mon, Aug 14, 2017 at 3:17 PM, Eric Germano <eric.anthony.germano@gmail.com> wrote:
> What is important is that none of that would have had to happened if you were not a bunch of corrupt liars.

5

On Mon, Aug 14, 2017 at 3:16 PM, Eric Germano <eric.anthony.germano@gmail.com> wrote:
Stop appropriating language. I am not fucking with Brietbart, I am fucking with Gavin Mcinnis of Vice. I reached out to Brandon Darby, not Breitbart. I was referred to him by someone that worked for Breitbart years ago. I had no idea what Breitbart was until recently, and chose not to deal with them. But ya'll fuck with the feds so what? I am going to beat the shit out of you lol.

On Mon, Aug 14, 2017 at 2:11 PM, Eric Germano <eric.anthony.germano@gmail.com> wrote:
Has June fucked any more republicans since I got out?

23.     Title 18, U.S.C., Section 875(c)'s mental state requirement is satisfied if the defendant transmits a communication for the purpose of issuing a threat or with knowledge that the communication will be viewed as a threat. See, *Elonis v. U.S.*, 135 S.Ct. 2001 (2015).

## Conclusion

24. This investigation has shown that the defendant intended to issue threats, via his emails, and/or knew the communications would be viewed as threats.

25. Based on the foregoing, there is probable cause to believe that on August 14, 2017, Eric Germano, transmitted in interstate commerce a communication, specifically an email, containing a threat to harm victim, J.D. I respectfully request that the Court issue a complaint charging Eric Germano with a violation of Title 18, U.S.C. 18 U.S.C. § 875(c), and an arrest warrant for his arrest.

Joseph Donahue
Special Agent
Federal Bureau of Investigation

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 15TH DAY
OF August, 2017.

HONORABLE LINDA K. CARACAPPA
Chief, United States Magistrate Judge